CONTINENTAL CASUALTY COMPANY, Plaintiff, *v.* THE ÆTNA CASUALTY AND SURETY COMPANY, Defendant.

First Department, June 22, 1937.

*Andrew Eckel* of counsel [*Robert M. McCormick*, attorney], for the plaintiff.

*Vincent A. O'Connor*, for the defendant.

CALLAHAN, J. This action involves three North American Light and Power Company debentures, issued on July 1, 1926, due July 1, 1956, with coupons attached.

Plaintiff claims title to same as assignee of Field, Glore & Co., which was the owner thereof on November 13, 1931, on which date they were lost or stolen.

Defendant has obtained possession thereof as transferee of its insured, Fenner, Bean & Ungerleider, who received the same for the purpose of sale, innocently and without notice of any defect therein.

Plaintiff claims that it is entitled to possession of the bonds and that defendant's assignor obtained no title thereto. The determination of this question depends on whether the bonds are negotiable instruments. If so, the purchaser in due course from a thief may retain them.

The bonds provide that the issuing company will pay to bearer $1,000 on July 1, 1956, unless the bonds are registered, in which event payment will be made to the registered owner. These bonds were not registered. The bonds contain the following provision: " This debenture is one of an issue of debentures of the Company known as its ' Gold ' Debentures, all issued and to be issued in one or more series under and equally entitled to the benefits and subject to the provisions of an Agreement (hereinafter called the Agreement), dated July 1, 1926, made between the Company and Central Trust Company of Illinois, as Trustee, to which reference is made for a complete statement of the terms and conditions upon which the debentures are issued, received and held. The principal hereof may be declared or may become due on the conditions, in the manner and at the times set forth in and as provided in the agreement."

The bonds also contain provisions that they shall pass by delivery, unless registered, and, if registered, may again be transferred to bearer, in which event they shall again become transferable by delivery.

It is clear that these bonds are negotiable instruments, unless their character as such was destroyed by the references contained therein to the described " Agreement." (*Enoch* v. *Brandon*, 249 N. Y. 263.)

Considering the instruments as a whole, we find nothing therein which would destroy negotiability. The instruments still remain unconditional promises to pay at a fixed or determinable future time. The reference to the " Agreement " to determine the terms and conditions on which the debentures were issued, read in connection with other portions of the bonds, clearly indicates that such reference had to do with providing further security for the payment of the bonds. Similar reference in the bonds under consideration in *Enoch* v. *Brandon* (*supra*) was held not to destroy negotiability.

The only difference between the two cases appears to be with regard to the nature of the collateral furnished.

The fact that there is an option to accelerate the due date does not affect the negotiability of the bonds.

As was stated in *Cunningham* v. *Pressed Steel Car Company* (238 App. Div. 624, at p. 627): " Defendant's primary covenant to pay at maturity contained in the bonds themselves is not qualified by the collateral promises and agreements of defendant mentioned in the indenture."

As we find the instruments negotiable on their face, it is unnecessary to determine whether they come within the provisions of sections 260 to 262 of the Personal Property Law.

The defendant is entitled to judgment.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of the defendant. Settle order on notice.